FILED
JANUARY 23, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 503

JUDGE GOTTSCHALL
MAGISTRATE JUDGE SCHENKIER

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' LOCAL 11 PENSION FUND, ROOFERS' UNIONS WELFARE TRUST FUND, CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, ROOFERS' RESERVE FUND, ROOFERS' INDUSTRY ADVANCEMENT and RESEARCH FUND, LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND and NATIONAL ROOFING INDUSTRY PENSION PLAN, <br><br> Plaintiffs, <br> v. <br><br> GREGORY GRZESINSKI Individually and d/b/a G & E SHEET METAL, A Sole Proprietorship <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. ) Judge ) ) ) ) ) ) |

# COMPLAINT

Plaintiffs, ROOFERS' LOCAL 11 PENSION FUND, ROOFERS' UNIONS WELFARE TRUST FUND, CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, ROOFERS' RESERVE FUND, ROOFERS' INDUSTRY ADVANCEMENT and RESEARCH FUND, LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND and NATIONAL ROOFING INDUSTRY PENSION PLAN (hereinafter "Plaintiffs"), by and through their attorney, Librado Arreola of Asher, Gittler, Greenfield & D'Alba, Ltd., complain of GREGORY GRZESINSKI Individually (hereinafter "Defendant GRZESINSKI") and d/b/a G & E SHEET METAL, A Sole Proprietorship, (hereinafter "Defendant G & E"), collectively referred to as "Defendants," and allege as follows:

1

1.     This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2.     Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3.     The ROOFERS' LOCAL 11 PENSION FUND, ROOFERS' UNIONS WELFARE TRUST FUND, CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, ROOFERS' RESERVE FUND, ROOFERS' INDUSTRY ADVANCEMENT and RESEARCH FUND, LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND and NATIONAL ROOFING INDUSTRY PENSION PLAN (hereinafter "Funds") have been established pursuant to collective bargaining agreements heretofore entered into between Roofers' Union Local 11, (hereinafter "Union") and the Chicago Roofing Contractors Association as authorized bargaining agent for Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4.     The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

5.     The Funds' office is located at 2340 Des Plaines Avenue, Des Plaines, IL 60018-3251, and the Funds are administered in the Northern District of Illinois.

6. Defendant G & E is an employer engaged in an industry affecting commerce and maintains its principal place of business at 1009 Bryn Mawr, Bensenville, IL 60014.

7. Defendant G & E is not an Illinois corporation and is operated as a sole proprietorship.

8. Defendant GRZESINSKI operates and conducts business under the name of Defendant G & E.

9. Defendant G & E has been a signatory to the Collective Bargaining Agreement ("CBA") with the Union.

10. Defendant GRZESINSKI is covered by the CBA with the Union.

11. The CBA binds the Defendants to the terms of the Trust Agreements which created the Trust Funds.

12. The CBA and the Trust Agreements require the Defendants to submit contribution reports listing the hours worked by their bargaining unit employees (hereinafter referred to as "contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees.

13. As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable CBA for the uses and purposes set forth in the Trust Agreements.

14. Defendants employ or have employed persons represented for collective bargaining purposes by the Union.

15. The CBA and the Trust Agreements provide that employers who do not timely

pay benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

16. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Plaintiffs ordered that an audit be conducted of the Defendants' records for the time period of March 7, 2003, through June 30, 2006.

17. Defendants breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendants' books and records for the period of March 7, 2003, through June 30, 2006, after demand for audit was made upon Defendants.

18. That from March 7, 2003, through June 30, 2006, Defendants have employed, and will continue in the future to employ, diverse numbers of individuals who are unknown to Plaintiffs but are known to Defendants on whose behalf Defendants have failed to report and remit contributions.

19. By the actions set forth above, the Defendants breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees during the period of March 7, 2003, through June 30, 2006. The amount of the breach is unknown at this time as the Defendants failed to produce the necessary records.

20. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendants' books and records.

21. As a result of said breaches, the Defendants are also liable to the plaintiffs for the following ancillary damages:

    a) attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and

either

b) liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

c) double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

22. As a result of the above-described omissions and breaches by Defendants, Plaintiffs may be required to (a) deny the employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendants the benefits provided under the benefit plans, notwithstanding Defendants' failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

23. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendants are ordered to specifically perform all of their obligations required under the CBA and the Trust Agreements, and are restrained from continuing to refuse to perform as thereunder required.

24. Defendants' failure to produce their books and records to allow Plaintiffs to perform an audit is a violation of the Collective Bargaining Agreement and the Trust Agreements. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

WHEREFORE, Plaintiffs pray:

(a) That judgment enter in favor of Plaintiffs and against Defendants GREGORY GRZESINSKI Individually and d/b/a G & E SHEET METAL, A Sole Proprietorship, and that

Defendants be ordered to provide access to their records within ten (10) days for the period of March 7, 2003, through June 30, 2006, so that the audit can be completed.

    (b)    That interest be assessed against Defendants as provided for in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

    (c)    That liquidated damages be assessed against Defendants as provided for in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

    (d)    That Plaintiffs be awarded reasonable attorney's fees and costs incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

    (e)    That Defendants pay to Plaintiffs the amount found due and owing in accordance with the applicable provisions of their Collective Bargaining Agreement, the Trust Agreements and the applicable provisions of ERISA, as amended.

    (f)    For such other and further relief as the Court may determine just and proper.

ROOFERS' UNION PENSION FUND, ET AL.

Respectfully submitted,

By: /s/Librado Arreola
ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.
200 W. Jackson Blvd., Suite 1900
Chicago, IL 60606
(312) 263-1500
ILARDC #6203323